# UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RYAN GREENLEE
And MARINA GREENLEE,

           Plaintiffs,

Vs.

NEW ENGLAND COMPOUNDING
PHARMACY, INC. a/k/a NEW ENGLAND
COMPOUNDING CENTER and
AMERIDOSE, LLC., Jointly and Severally,

           Defendants.

Case No.: 5:13-cv-10027-JCO-RSW

Honorable John Corbett O'Meara

**DEFENDANT AMERIDOSE, LLC'S
ANSWER TO PLAINTIFFS'
COMPLAINT, AFFIRMATIVE
DEFENSES AND RELIANCE UPON
JURY DEMAND**

| | |
|---|---|
| COCHRAN, FOLEY & ASSOCIATES, P.C.<br>BY: TERRY L. COCHRAN (P35890)<br>Attorney for Plaintiff<br>15510 Farmington Road<br>Livonia, MI 48154<br>(734) 425-2400; (734) 425-7885-fax<br>tcochran@cochranfoley.com | WORSFOLD MACFARLANE MCDONALD<br>PLLC<br>BY:  CHARLES H. WORSFOLD (P26949)<br>Attorney for Ameridose, LLC<br>1001 Monroe Avenue, NW<br>Grand Rapids, MI 49503<br>(616) 977-9200; (616) 977-9201-fax<br>cworsfold@wmmattorneys.com |

     Defendant, Ameridose, LLC, by and through its undersigned counsel, hereby answers

Plaintiffs' Complaint and Jury Demand as follows:

## COUNT I
## (GENERAL AND JURISDICTIONAL ALLEGATIONS)

     1.     Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 2 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

3.      Defendant admits that it is a Massachusetts Limited Liability Company with a principal place of business at 205 Flanders Road, Westborough, Massachusetts. Defendant states that its registered agent is Gregory Conigliaro.

4.      Defendant admits jurisdiction is proper as to Ameridose.

5.      Defendant admits that Plaintiff has alleged that the amount in controversy exceeds $75,000 exclusive of costs, interest, and attorney's fees such that diversity jurisdiction is proper as to proper to Ameridose.  Defendant, however, lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 6 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

7.      Defendant denies that it designed, compounded, manufactured, marketed, and/or placed into commerce methylprednisolone acetate (MPA). Defendant denies the remaining allegations against it in Paragraph 7.

8.      The allegations in Paragraph 8 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 8 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

9.     The allegations in Paragraph 9 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 9 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

10.    The allegations in Paragraph 10 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 10 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

11.    The allegations in Paragraph 11 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 11 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

12.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.    The allegations in Paragraph 16 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph

16 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

17.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.    The allegations in Paragraph 24 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 24 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

**RESPONDING TO WHEREFORE CLAUSE**

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

## COUNT II
## (NEGLIGENT PRODUCTION AND MANUFACTURING)

25.     Defendant repeats and restates the responses of the preceding paragraphs as if fully set forth herein.

26.     The allegations in Paragraph 26 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 26 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

   a.   The allegations in Paragraph 26(a) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 26(a) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

   b.   The allegations in Paragraph 26(b) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 26(b) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

   c.   The allegations in Paragraph 26(c) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 26(c) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

   d.   The allegations in Paragraph 26(d) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 26(d) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

   e.   The allegations in Paragraph 26(e) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 26(e) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

   f.   The allegations in Paragraph 26(f) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the

allegations in Paragraph 26(f) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

g.   The allegations in Paragraph 26(g) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 26(g) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

h.   The allegations in Paragraph 26(h) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 26(h) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

i.   The allegations in Paragraph 26(i) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 26(i) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

27.   The allegations in Paragraph 27 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 27 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

28.   The allegations in Paragraph 28 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 28 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

29.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 38 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

39.     The allegations in Paragraph 39 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 39 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

40.     The allegations in Paragraph 40 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 40 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

41.     The allegations in Paragraph 41 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 41 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

42.     The allegations in Paragraph 42 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 42 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

43.     The allegations in Paragraph 43 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 43 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

### RESPONDING TO WHEREFORE CLAUSE

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

### COUNT II
### (FAILURE TO WARN)

44.     Defendant repeats and restates the responses of the preceding paragraphs as if fully set forth herein.

45.      The allegations in Paragraph 45 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 45 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

46.      The allegations in Paragraph 46 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 46 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

47.      The allegations in Paragraph 47 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 47 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

48.      The allegations in Paragraph 48 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 48 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

49.      The allegations in Paragraph 49 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 49 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

50.      The allegations in Paragraph 50 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph

50 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

51.     The allegations in Paragraph 51 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 51 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

52.     The allegations in Paragraph 52 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 52 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

53.     The allegations in Paragraph 53 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 53 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

54.     The allegations in Paragraph 54 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 54 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

## RESPONDING TO WHEREFORE CLAUSE

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

## COUNT IV
## (BREACH OF IMPLIED AND EXPRESSED WARRANTY)

55.     Defendant repeats and restates the responses of the preceding paragraphs as if fully set forth herein.

56.     The allegations in Paragraph 56 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 56 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

  a. The allegations in Paragraph 56(a) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 56(a) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

  b. The allegations in Paragraph 56(b) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 56(b) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

  c. The allegations in Paragraph 56(c) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 56(c) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

  d. The allegations in Paragraph 56(d) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 56(d) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

  e. The allegations in Paragraph 56(e) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 56(e) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

  f. The allegations in Paragraph 56(a) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the

allegations in Paragraph 56(a) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

g.   The allegations in Paragraph 56(g) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 56(g) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

57.   The allegations in Paragraph 57 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 57 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

58.   The allegations in Paragraph 58 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 58 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

59.   The allegations in Paragraph 59 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 59 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

60.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61.   The allegations in Paragraph 61 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 61 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

62.     The allegations in Paragraph 62 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 62 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

### RESPONDING TO WHEREFORE CLAUSE

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

## COUNT V
## (GROSS NEGLIGENCE)

63.     Defendant repeats and restates the responses of the preceding paragraphs as if fully set forth herein.

64.     The allegations in Paragraph 64 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 64 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

65.     The allegations in Paragraph 65 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 65 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

66.     The allegations in Paragraph 66 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 66 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

67.     The allegations in Paragraph 67 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 67 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

### RESPONDING TO WHEREFORE CLAUSE

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

### COUNT VI
### (VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT MCLA 445.903)

68.     Defendant repeats and restates the responses of the preceding paragraphs as if fully set forth herein.

69.     The allegations in Paragraph 69 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 69 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

70.     The allegations in Paragraph 70 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 70 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

71.     The allegations in Paragraph 71 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 71 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

      a.  The allegations in Paragraph 71(a) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the

allegations in Paragraph 71(a) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

b.   The allegations in Paragraph 71(b) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 71(b) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

c.   The allegations in Paragraph 71(c) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 71(c) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

d.   The allegations in Paragraph 71(d) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 71(d) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

e.   The allegations in Paragraph 71(e) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 71(e) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

f.   The allegations in Paragraph 71(f) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 71(f) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

g.   The allegations in Paragraph 71(g) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 71(g) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

h.   The allegations in Paragraph 71(h) are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 71(h) for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

72.   The allegations in Paragraph 72 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph

72 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

### RESPONDING TO WHEREFORE CLAUSE

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

### COUNT VII
### (UNJUST ENRICHMENT)

74.     Defendant repeats and restates the responses of the preceding paragraphs as if fully set forth herein.

75.     The allegations in Paragraph 75 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 75 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

76.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 78 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

79.     The allegations in Paragraph 79 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 79 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

<u>**RESPONDING TO WHEREFORE CLAUSE**</u>

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

<u>**COUNT VIII**</u>
<u>**(CONCERT OF ACTION)**</u>

80.     Defendant repeats and restates the responses of the preceding paragraphs as if fully set forth herein.

81.     Defendant denies the allegations against it in Paragraph 81.

82.     Defendant denies the allegations against it in Paragraph 82.

83.     Defendant denies the allegations against it in Paragraph 83.

<u>**RESPONDING TO WHEREFORE CLAUSE**</u>

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

<u>**COUNT IX**</u>
<u>**(DAMAGES)**</u>

84.     Defendant repeats and restates the responses of the preceding paragraphs as if fully set forth herein.

85.     The allegations in Paragraph 85 are not directed to this Defendant so no response is required. To the extent one is deemed required, Defendant denies the allegations in Paragraph 85 for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

     a.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85(a).

     b.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85(b).

     c.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85(c).

     d.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85(d).

     e.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85(e).

     f.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85(f).

     g.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85(g).

86.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

## RESPONDING TO WHEREFORE CLAUSE

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

## COUNT X
## (MARINA GREENLEE – LOSS OF CONSORTIUM, SOCIETY
## AND FINANCIAL LOSS)

90.     Defendant repeats and restates the responses of the preceding paragraphs as if fully set forth herein.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

### RESPONDING TO WHEREFORE CLAUSE

Defendant denies entitlement to the relief requested in the Complaint.  Defendant demands a trial by jury.

### DEFENSES AND AFFIRMATIVE DEFENSES

During the course of litigation, a number of defenses and/or affirmative defenses may become available to Defendant.  To the extent any of the following are available and may apply, notice is hereby given of the following:

1.     The Complaint fails to state a claim or cause of action cognizable in law or equity against Defendant Ameridose as to all counts.

2.     The Complaint fails to allege a cognizable claim for breach of any applicable standard for the practice of pharmacy as to Defendant Ameridose.

3.     Plaintiffs lack standing to sue Defendant Ameridose.

4.     Defendant did not make the product in question and has no liability here since it is a separate entity not responsible for the acts of the other Defendants.

5.      The allegations of the Complaint do not adequately set forth the elements required to overcome the presumption of corporate separateness under applicable state law.

6.      The Complaint fails to sufficiently identify a preparation compounded or manufactured by this Defendant.

7.      The alleged injuries or damages may have been proximately caused by one or more unforeseeable, independent intervening or superseding events beyond the control of and unrelated to the conduct of Defendant, including Plaintiffs' comparative negligence, pre-existing medical condition, and/or idiosyncratic reaction.

8.      The Defendant further states that if the Plaintiffs underwent the medical procedure, they did so after having been fully, fairly, and reasonably informed and made aware of risks and uncertainties involved, and that after having been so informed consistent with the informed consent doctrine of Michigan, they exercised their informed consent to the performance of the procedure.

9.      Adequate warnings and information were available to the medical profession, including any prescribing or administering healthcare provider.

10.     Plaintiffs' claims for inadequate warning are barred by the sophisticated user and/or learned intermediary doctrine.

11.     Defendant relies upon all applicable defenses afforded it under the Michigan Product Liability Act, MCL § 600.2945, *et seq.*

12.     To the extent that Plaintiffs' claims are based on violations of the Federal Food Drug & Cosmetic Act, such claims must fail since there is no private right of action regarding these alleged violations.

5tk

13.     Plaintiffs' alleged injuries and/or damages, if any, were caused or contributed to by entities other than this Defendant and those named as Defendants in this action.  Fault and a percentage of liability must be apportioned to all who caused or contributed to the Plaintiffs' alleged injury under MCL § 600.6304 and MCL § 600.2957, including nonparties.

14.     Plaintiffs' common law claims fail to state a claim upon which relief can be granted as the common law claims are barred in whole or in part by MCL § 600.2945, *et seq.* since Plaintiffs' claims arise out of a product liability action. *See Duronio v. Merck & Co., Inc.,* unpublished per curiam decision of the Court of Appeals, dated June 13, 2006 (Docket No. 267003).

15.     Plaintiffs' claims are subject to MCL § 600.6303, the collateral source rule, to the extent that each Plaintiff has received a benefit for any alleged expense.

16.     Plaintiffs' claims for damages are limited by MCL 600.2946a. Plaintiffs fail to state a claim upon which relief can be granted for violation of the Michigan Consumers Protection Act (MDL 445.901 *et seq.*) under MCL 445.904(1)(a) to the extent the drug in question is regulated by the Food and Drug Administration.  *See Peter v. Stryker Orthopaedics, Inc.*, 581 F. Supp. 2d 813 (E.D. Mich. 2008).

17.     To the extent Plaintiffs' claims are based on violation of the Federal Food, Drug & Cosmetic Act, then Plaintiffs' claims for violation of the Michigan Consumer Protection Act fail as a matter of law.

18.     Defendant incorporates and adopts by reference any and all applicable affirmative defenses, raised or to be raised by any other party, and expressly reserves the right to amend and supplement its Answer or to assert additional affirmative defenses at or before trial as additional information is obtained through investigation and discovery.

WHEREFORE, Defendant demands Judgment of this Court:

    a.  dismissing the Complaint against it, with prejudice;

    b.  awarding to Defendant the costs, expenses, and fees associated with defending this action; and

    c.  granting such other and further relief, both legal and equitable, that the Court deems just and proper.

## RELIANCE UPON JURY DEMAND

NOW COMES Defendant Ameridose, LLC, by and through its attorneys, Worsfold Macfarlane McDonald, PLLC, and hereby relies upon Plaintiffs' demand for a jury in the above-captioned matter.

Dated: February 5, 2013           Respectfully submitted,


                          *s/ Charles H. Worsfold*
                          Charles H. Worsfold (P26949)

                          Attorney for Ameridose, LLC

                          1001 Monroe Avenue, NW

                          Grand Rapids, MI 49503

                          (616) 977-9200; (616) 977-9201-fax

                          cworsfold@wmmattorneys.com

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on February 5, 2013 using the ECF system that sent notification of this filing to all ECF-registered counsel of record via e-mail generated by the Court's ECF system.

*s/ Charles H. Worsfold*
*Attorney for Defendant Ameridose, LLC*